UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DWIGHT HICKS,

           Plaintiff,

    v.

DAVID M. HARDY, *et al.*,

           Defendants.

Civil Action 04-0769 (HHK)

**MEMORANDUM OPINION**

This action, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on plaintiff's motion to reconsider and for the appointment of counsel and defendants' supplemental memorandum in which it renews its motion for summary judgment on the outstanding issue pertaining to the denial of a fee waiver. *See* Memorandum Opinion and Order of September 26, 2005 (granting in part and denying in part defendants' summary judgment motion). Upon consideration of the parties' submissions and the entire record, the Court will deny plaintiff's motion, grant defendants' motion, and dismiss the case.

    1. Plaintiff's Motion to Reconsider

Motions for reconsideration are committed to the sound discretion of the trial court. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). A motion for reconsideration need not be granted "unless the district court finds that there is an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*. (citations and internal quotation marks omitted). Pointing to

several separate documents beyond the motion papers considered, plaintiff takes issue with the Court's determination that he had conceded defendants' asserted reasons for redacting information from the released records. *See* Mem. Op. at 3; Pl.'s Motion at 2. Specifically, plaintiff cites to his opposition to defendants' answer "that clearly questions the deleting and/or censored of relevant evidence and/or signatures of Plaintiff's (FOIA) Privacy Act complaint . . . ." Pl.'s Motion at 2. By Order of February 2, 2005, plaintiff was advised about responding to defendants' summary judgment motion. The Order set forth the text of Fed. R. Civ. P. 56(e), which states in part that in opposing a summary judgment motion, the adverse party must present more than his "allegations or denials [but instead must] set forth specific facts showing that there is a genuine issue for trial." *Id*. Plaintiff's opposition to the motion did not incorporate his previous objection. Thus, the objection was not before the Court during its consideration of the motion. In any event, the objection is too vague to raise a genuine issue of material fact with respect to defendants' claimed exemptions. The Court therefore finds no basis to grant plaintiff's motion to reconsider.

    2. <u>Defendants' Supplemental Memorandum</u>

Defendants were directed to address the merits of the FBI's denial of plaintiff's request for a fee waiver. *See* Mem. Op. at 3-4. A fee waiver or reduction is warranted if the FOIA requester shows that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a) (4)(A)(iii). The Court reviews the denial of a fee waiver *de novo* based on the record that was before the agency at the time of its determination. 5 U.S.C. § 552(a)(4)(A)(vii).

The FBI admits that "some information that plaintiff seeks pertains to certain [government] operations and activities . . . and that plaintiff has no overriding commercial interest in this case." Supplemental Memorandum [Doc. No. 39-1], Declaration of David M. Hardy ¶ 15. It denied plaintiff's fee waiver request, however, because "plaintiff's interest was personal in nature and [the] disclosure of the material would not contribute significantly to public understanding of the operations or activities of the government," *id*. ¶ 13, because "[l]aboratory practices have been covered extensively in the media in recent years." *Id*. ¶ 15. It further determined that "plaintiff had not shown how he would disseminate the requested information to the general public." *Id*. Indeed, in requesting a fee waiver, plaintiff stated that he was "seeking information for personal use . . ." and identified the public interest as "likely to contribute significantly to the freedom of an innocent person." *Id*. ¶ 5 (citing Exhibit A to the Declaration of Nancy L. Steward [Doc. # 23]). Although plaintiff claimed that other individuals may seek the same information, Steward Decl., Ex. A at 5, he stated no intention of disseminating the information to the public. The failure of a requester to show how he intends to disseminate the information "alone is a sufficient basis for denying the fee waiver request." *Larson v. Central Intelligence Agency*, 843 F.2d 1481, 1483 (D.C. Cir. 1988). The FBI properly justified its denial of plaintiff's fee waiver request.

In view of the foregoing determination, plaintiff cannot maintain his claim without paying the assessed fee of $23.70. *See* Mem. Op. at 2. "Regardless of whether the plaintiff 'filed' suit before or after receiving a request for payment, the plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the defendant." *Trueblood v. U.S. Department of Treasury, I.R.S.*, 943 F. Supp. 64, 68 (D.D.C. 1996)(citing *Pollack v. Department of Justice*, 49 F.3d 115, 120 (4th Cir.), *cert. denied*, 518 U.S. 1032 (1995)); *accord Maydak v. U.S.*

*Department of Justice*, 254 F. Supp.2d 23, 50 (D.D.C. 2003) (plaintiff's obligation to pay assessed fees survives his initiation of a lawsuit).  Plaintiff has not committed to paying the fee despite the opportunities afforded him to do so during the course of this litigation.  The Court therefore is deprived of subject matter jurisdiction and has no choice but to dismiss the complaint.  A separate Order accompanies this Memorandum Opinion.

                                  _____s/_____
                                  Henry H. Kennedy, Jr.
                                  United States District Judge

Date: April 12, 2006